1
2
3                    UNITED STATES DISTRICT COURT
4                          DISTRICT OF NEVADA
5     DEVONTAY AYCOCK,                      Case No. 3:23-cv-00079-ART-CSD
6                              Petitioner,                ORDER
7            v.
8     ELY STATE PRISON,
                              Respondents.
9

10          Petitioner Devontay Aycock, a *pro se* Nevada prisoner, commenced this

11    habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This

12    habeas matter is before the Court for initial review under the Rules Governing

13    Section 2254 Cases,[1] as well as consideration of Aycock's Motion for Appointment

14    of Counsel (ECF No. 5).

15          Pursuant to Habeas Rule 4, the assigned judge must examine the habeas

16    petition and order a response unless it "plainly appears" that the petitioner is not

17    entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

18    This rule allows courts to screen and dismiss petitions that are patently frivolous,

19    vague, conclusory, palpably incredible, false, or plagued by procedural defects.

20    *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*,

21    908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

22          Aycock challenges a conviction and sentence imposed by the Eighth

23    Judicial District Court for Clark County ("state court"). *State of Nevada v.*

24    *Devontay Aycock*, Case No. C-18-337018-1.[2] On August 20, 2019, the state court

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the
Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth

1

entered a judgment of conviction for attempt murder with use of a deadly weapon and battery with use of a deadly weapon resulting in substantial bodily harm. The state court sentenced Aycock to an aggregate term of 10 to 30 years. The Nevada Supreme Court affirmed the conviction.

Aycock filed a state petition for writ of habeas corpus. *Devontay Aycock v. State of Nevada*, Case No. A-20-822863-W. The state court denied his habeas petition and the Nevada Court of Appeals affirmed the denial of relief. On February 17, 2023, Aycock mailed or handed to a correctional officer for the purpose of filing his federal petition for writ of habeas corpus. (ECF No. 1-1.) The Court instructed him to either resolve the filing fee or file an application to proceed *in forma pauperis* ("IFP"), and he timely complied. (ECF Nos. 4, 9.) Because Aycock paid the filing fee, the Court denies his IFP application. (ECF No. 7.)

Turning to Aycock's motion for appointment of counsel (ECF No. 5) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

---

Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at:
https://www.clarkcountycourts.us/Anonymous/default.aspx and
at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

The Court finds that appointment of counsel in this case is in the interests of justice. Aycock is serving a lengthy aggregate sentence term of 10 to 30 years. His petition may raise relatively complex issues and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Aycock's motion for appointment of counsel is granted.

**IT THEREFORE IS ORDERED:**

1. Petitioner Devontay Aycock's Motion for Appointment of Counsel (ECF No. 5) is granted.

2. Petitioner Devontay Aycock's Application for Leave to Proceed *in forma pauperis* (ECF No. 7) is denied.

3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Aycock or to indicate the office's inability to represent Aycock in these proceedings. If the Federal Public Defender is unable to represent Aycock, the Court will appoint alternate counsel. The counsel appointed will represent Aycock in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Aycock at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation

that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of the Court will file Petitioner Devontay Aycock's Petition for Writ of Habeas Corpus (ECF No. 1-1).

6. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

7. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 20th day of April 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE